UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

HANNAH XIE,

                Plaintiff,

              v.

NEW YORK CITY DEPARTMENT OF
EDUCATION and UNITED FEDERATION OF
TEACHERS QUEENS OFFICE,

                Defendants.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
19-CV-4097 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Hannah Xie, proceeding *pro se*, commenced the above-captioned action on July 10, 2019 against Defendants New York City Department of Education (the "Department of Education") and United Federation of Teachers Queens Office (the "UFT"). (Compl., Docket Entry No. 1.) Plaintiff alleges that the Department of Education failed to hire, terminated, and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (*Id.* at 4.)[1] The Court also construes Plaintiff's allegations as asserting a claim for breach of the duty of fair representation against the UFT in violation of the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* ("NLRA"). The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) for the purpose of this Memorandum and Order. For the reasons set forth below, the Court dismisses the Complaint and grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order.

---

[1] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

I. **Background**

The Department of Education hired Plaintiff to work at Cambria Heights Academy ("CHA") as a substitute teacher in 2008 and as an "ESL teacher" in September of 2015. (Compl. 10, 29.) In October or November of 2015, Ms. Carleton ("Carleton"), one of Plaintiff's colleagues, "showed [Plaintiff] a video [depicting] how badly behaving the students in her . . . class were." (*Id.* at 11.) Plaintiff told Carleton that "New York City teachers are not allowed to take . . . videos in classrooms according to law." (*Id.*) Approximately ten to fourteen days later, CHA's assistant principal asked Plaintiff to write a statement about Carleton's video, but Plaintiff refused. (*Id.*) Plaintiff was subsequently "asked to go to the principal's office and the door was immediately shut behind [her] and [she] was told that [she] would get fired if they put [her refusal] into [her] file." (*Id.*)

In August of 2017, the Department of Education terminated Plaintiff. (*Id.* at 5.) On an unspecified date, Plaintiff "filed an appeal" of her termination with the UFT, but it "did not help," and on June 29, 2018, the Department of Education "reconfirmed the discontinuance decision." (*Id.*)

Plaintiff alleges that Melissa Menake, the principal of CHA, "abused her power by firing [Plaintiff] under the excuse that [she] was not a satisfactory teacher, while the true reason [Menake] fired [Plaintiff] is because [she did not] write a statement for [Menake] against a co-worker as [Menake] asked [Plaintiff] to do." (*Id.* at 14.)

Plaintiff requests (1) reinstatement of her complaints filed with the New York State Division of Human Rights and the Equal Employment Opportunity Commission, (2) reinstatement of her employment, and (3) "compensation for [her] loss due to [her] unemployment." (*Id.*)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the court is required to dismiss *sua sponte* an *in forma pauperis* action if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Plaintiff fails to state a claim under Title VII

Title VII discrimination claims are analyzed under the three-stage, burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Tillery v. N.Y. State Office of Alcoholism & Substance Abuse Servs.*, 739 F. App'x 23, 25 (2d Cir. 2018); *Kovaco v. Rockbestos-Surprenant Cable Corp.*, 834 F.3d 128, 136 (2d Cir. 2016). Under this framework, a plaintiff must establish a prima facie case of

discrimination. *Tillery*, 739 F. App'x at 25. If the plaintiff meets this "minimal" burden, *Holcomb v. Iona College*, 521 F.3d 130, 139 (2d Cir. 2008), a "temporary presumption" of discrimination arises, and the burden shifts to the defendant-employer to articulate a legitimate, nondiscriminatory reason for the challenged conduct, *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (quoting *Littlejohn v. City of N.Y.*, 795 F.3d 297, 307, 311 (2d Cir. 2015)). If the defendant-employer articulates such a reason, the burden shifts back to the plaintiff-employee to show that the defendant-employer's reason was pretext or otherwise "more likely than not based in whole or in part on discrimination." *Tillery*, 739 F. App'x at 25 (citing *Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 80 (2d Cir. 2009)).

At the pleading stage, however, a plaintiff need not prove discrimination or even allege facts establishing every element of a *McDonnell Douglas* prima facie case. *Littlejohn*, 795 F.3d at 311; *see also Doe v. Columbia Univ.*, 831 F.3d 46, 55 (2d Cir. 2016) (discussing *McDonnell Douglas* burden at the pleading stage in the context of Title VII cases); *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 71 (2d Cir. 2006) ("[T]he requirements for establishing a prima facie case under *McDonnell Douglas* [do not] apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." (second alteration in original) (quoting *Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002))). Instead, a plaintiff need only plead facts sufficient to give "plausible support" to the plaintiff's "minimal" initial burden, which is governed by the statute under which she brings her claims. *Vega*, 801 F.3d at 84 (quoting *Littlejohn*, 795 F.3d at 307, 312); *see also Javed v. Medgar Evers Coll. of City Univ. of N.Y.*, 724 F. App'x 73, 74 (2d Cir. 2018). The allegations must "put forward 'at least minimal support for the proposition'" that the adverse employment action was "motivated by [the employer's] discriminatory intent." *Javed*, 724 F. App'x at 74 (quoting *Vega*, 801 F.3d at 85); *see also Vega*, 801 F.3d at 87 ("[A] plaintiff

4

must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision.").

Title VII retaliation claims are also "evaluate[d] . . . using the three-step framework outlined in *McDonnell Douglas*." *Russell v. N.Y. Univ.*, 739 F. App'x 28, 32 (2d Cir. 2018) (citing *Duplan v. City of New York*, 888 F.3d 612, 625 (2d Cir. 2018)). Under this framework, the plaintiff must first establish "a prima facie case of retaliation." *Id.* (quoting *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010)). If the plaintiff sustains this initial "de minimis" burden, *Duplan*, 888 F.3d at 626, a "presumption of retaliation" arises and the defendant must "articulate a legitimate, non-retaliatory reason for the adverse employment action," *Saji v. Nassau Univ. Med. Ctr.*, 724 F. App'x 11, 14 (2d Cir. 2018) (quoting *Hicks*, 593 F.3d at 164). "If the defendant does so, then the burden shifts back to the plaintiff . . . [to] show that the reason offered by the employer is merely pretext, and that the employer's 'desire to retaliate' was the actual 'but-for cause of the challenged employment action.'" *Id.* (quoting *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 70 (2d Cir. 2015)). "'But-for' causation does not, however, require proof that retaliation was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive." *Duplan*, 888 F.3d at 625 (quoting *Vega*, 801 F.3d at 90–91).

As with other claims analyzed under the *McDonnell Douglas* framework, at the pleadings stage, the allegations need only give "plausible support to the reduced prima facie requirements." *Id.* "Thus, for a retaliation claim to survive a motion for judgment on the pleadings or a motion to dismiss, the plaintiff must plausibly allege that: (1) [the] defendants discriminated — or took an adverse employment action — against him, (2) 'because' he has opposed any unlawful employment practice." *Vega*, 801 F.3d at 90.

5

Because Plaintiff fails to allege her race, national origin, color, religion, or gender, and does not allege any facts to connect an adverse employment action to any protected status, she has failed to state a claim under Title VII. *See Tiffany v. Dzwonczyk*, 696 F. App'x 7, 9 (2d Cir. 2017) ("Failure to allege membership in a protected class or a relationship between adverse actions and protected class status warrants dismissal."); *Vega*, 801 F.3d at 87 ("[A] plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." (citing *Littlejohn*, 795 F.3d at 310)); *Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 172–73 (2d Cir. 2012) ("Abusive conduct in the workplace for reasons other than a plaintiff's membership in a protected class is not actionable under Title VII."). The Court therefore dismisses Plaintiff's Title VII discrimination claim.

In addition, the Court dismisses Plaintiff's Title VII retaliation claim because she fails to allege that she engaged in any protected activity. *See Tepperwien v. Entergy Nuclear Ops., Inc.*, 663 F.3d 556, 567 (2d Cir. 2011) (explaining that Title VII "prohibits an employer from taking 'materially adverse' action against an employee because the employee opposed conduct that Title VII forbids or the employee otherwise engaged in protected activity" (citations omitted)); *McMenemy v. City of Rochester*, 241 F.3d 279, 283 (2d Cir. 2001) ("[Title VII] prohibits discrimination by an employer against an employee who 'has opposed any practice made an unlawful employment practice' by Title VII or who has 'participated in any manner in an investigation, proceeding, or hearing' under Title VII." (citations omitted)); *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000) ("[T]he law is clear that opposition to a Title VII violation need not rise to the level of a formal complaint in order to receive statutory protection,

this notion of 'opposition' includes activities such as 'making complaints to management, writing critical letters to customers, protesting against discrimination by industry or by society in general, and expressing support of co-workers who have filed formal charges.'" (quoting *Sumner v. U.S. Postal Serv.*, 899 F.2d 203, 209 (2d Cir.1990))).

Accordingly, the Court dismisses Plaintiff's discrimination and retaliation claims under Title VII.

### c. Plaintiff fails to state a duty of fair representation claim

"The duty of fair representation is a 'statutory obligation' under the NLRA, requiring a union 'to serve the interests of all members without hostility or discrimination . . . , to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Vaca v. Sipes*, 386 U.S. 171, 177 (1967)). "The objective of the duty of fair representation is to provide substantive and procedural safeguards for minority members of the collective bargaining unit." *Flight Attendants in Reunion v. Am. Airlines, Inc.*, 813 F.3d 468, 473 (2d Cir. 2016) (quoting *Jones v. Trans World Airlines, Inc.*, 495 F.2d 790, 798 (2d Cir. 1974)), *cert. denied*, 137 S. Ct. 313 (2016). "A union breaches its duty of fair representation if its actions with respect to a member are arbitrary, discriminatory, or taken in bad faith." *Figueroa v. Foster*, 864 F.3d 222, 229 (2d Cir. 2017) (quoting *Fowlkes*, 790 F.3d at 388); *see also Flight Attendants in Reunion*, 813 F.3d at 473. If a plaintiff shows "that the union's actions meet this standard, the plaintiff must then 'demonstrate a causal connection between the union's wrongful conduct and the plaintiff's injuries.'" *Pathania v. Metro. Museum of Art*, 563 F. App'x 42, 44 (2d Cir. 2014) (alteration omitted) (quoting *Spellacy v. Airline Pilots Ass'n-Int'l*, 156 F.3d 120, 126 (2d Cir. 1998)). "A court's examination of a union's representation 'must be highly deferential, recognizing the wide

latitude that negotiators need for the effective performance of their bargaining responsibilities.'" *Alen v. U.S. Airways, Inc.*, 526 F. App'x 89, 91 (2d Cir. 2013) (quoting *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 78 (1991)). Neither conclusory allegations nor "mere negligence" by the union in its enforcement of a collective bargaining agreement is sufficient to state a claim. *Mancus v. The Pierre Hotel*, 45 F. App'x 76, 77 (2d Cir. 2002) (quoting *United Steelworkers of Am., AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 372 (1990)).

While Plaintiff alleges that her "union did not help," (Compl. 5), she fails to provide any non-conclusory allegations to support a claim for breach of the duty of fair representation. Plaintiff has neither alleged that the UFT's actions were arbitrary, discriminatory, or in bad faith, nor alleged any facts from which the Court could infer such conduct. *See Messina v. 1199 SEIU United Healthcare Workers E.*, 453 F. App'x 25, 27 (2d Cir. 2011) (holding that the duty is not breached "where the union fails to process a meritless grievance, fails to process a grievance due to error in evaluating its merits, engages in mere negligent conduct or errors in judgment, or decides not to arbitrate a grievance" (citations omitted)); *Barr v. United Parcel Serv.*, 868 F.2d 36, 43–44 (2d Cir. 1989) ("Tactical errors are insufficient to show a breach of the duty of fair representation; even negligence on the union's part does not give rise to a breach.").

Accordingly, the Court dismisses Plaintiff's duty of fair representation claim.

### d. Leave to amend

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order. Plaintiff's amended complaint must (1) identify the protected class to which she belongs, if any, (2) state any circumstances that she believes give rise to an inference of discrimination, and (3) state any complaints that she made that might qualify as protected activity. In addition, Plaintiff must set

forth any action taken by the UFT that she believes was arbitrary, discriminatory, or taken in bad faith. Plaintiff must include any and all allegations that she wishes to pursue in her amended complaint, as it will completely replace the original Complaint. The amended complaint should be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order.

## III. Conclusion

For the reasons set forth above, the Court dismisses Plaintiff's Complaint and grants Plaintiff leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: October 17, 2019
      Brooklyn, New York

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge